UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| HERMAN LEE MARTIN, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 4:16CV78 HEA |
| ALBERT BOND, | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $1.50, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

**The Complaint**

Plaintiff alleges that on October 13, 2013, an employee of the St. Louis Carpenter's Union, Shawna Pastrana, accused him of committing a crime and ran after him. She saw defendant, Albert Bond, another employee of the Union, who was driving to work, and flagged him down. Pastrana described the suspect to Bond, and Bond began to pursue plaintiff. Upon finding plaintiff, Bond tackled him and struck plaintiff on the head several times. Plaintiff says he was not resisting Bond but that Bond continued striking him on the head regardless. Plaintiff says he suffered a head injury which continues to this day. He seeks monetary relief.

Missouri court records show that on July 15, 2015, plaintiff pled guilty to physically taking property from a victim. *Missouri v. Martin*, No. 1322-CR04787-01 (City of St. Louis).

**Discussion**

Section 1983 imposes liability on government actors acting under color of state law, such as police officers. 42 U.S.C. § 1983. "Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir.1999). To state a claim against a private actor under § 1983, a plaintiff "must establish, at the very least, an agreement or meeting of the minds between the private and state actors, and a corresponding violation of the plaintiffs' rights under the Constitution or laws of the United States." *Id.* Plaintiff has not alleged that Bond was working with the police to effectuate his arrest. Plaintiff claims that Bond acted on his own accord. Therefore, the complaint fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.50 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 22nd day of January, 2016

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE